UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES CRYER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>IDAHO DEPARTMENT OF LABOR, an executive department of the state of Idaho, KENNETH D. EDMUNDS, Director, in his official and individual capacity; JAY ENGSTROM, Chief Operating Officer, in his official and individual capacity; and MICHAEL KALM, in his individual capacity,<br><br>　　　　Defendants. | Case No. 1:16-cv-526-BLW<br><br>**PROTECTIVE ORDER** |

This matter having come before the Court on the Stipulation for Protective Order with Clawback Provision (Dkt. 14), and for good cause shown pursuant to Federal Rule of Civil Procedure Rule 26(c),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that no disclosure shall be made of any information designated by either party as "confidential information" or a "proprietary" in response to any discovery requests in the above-captioned action or disclosed through the discovery process, including depositions, deposition exhibits, interrogatories, requests for production of documents, or requests for admissions.

"Confidential information" shall mean any information related to the above captioned lawsuit which is disclosed by either party through discovery that falls within the following categories: financial data that is not otherwise subject to public disclosure, personnel files, and personal data related to unemployment benefits (UIB) recipients. "Confidential information" shall not include that which: (a) becomes part of the public domain, by publication or otherwise, through no unauthorized act or omission on the part of the receiving party; or (b) is in the receiving party's possession prior to disclosure by the producing party.

"Proprietary information" includes "confidential information" defined above, and any Idaho Department of Labor UIB recipient programs including UIB job search programs.

**IT IS FURTHER ORDERED** that since the producing party will suffer irreparable harm in the absence of such protections, all documents produced in this action, all copies thereof, and any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, should be disclosed only to the Court and/or to:

a. Parties to the action and the employees, agents and directors of such parties who may review the information in connection with this action only to the extent necessary for purposes of this lawsuit;

b. Counsel for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents only to the extent necessary for purposes of this lawsuit;

c. Experts and consultants retained by one or more of the parties to this action or their counsel, to assist in discovery and/or in preparation of this action for trial only to the extent necessary for purposes of this lawsuit;

d. Actual and anticipated witnesses at depositions and the trial of this action only to the extent necessary for purposes of this lawsuit.

**IT IS FURTHER ORDERED** that the protections set forth herein extend to non–parties who produce confidential information in response to a subpoena.

## **CLAWBACK PROVISION**

Because the parties to this action or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected natures of such information,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following "Clawback" Provision shall govern this litigation. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this

Protective Order and will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document shall return it upon request from the producing party.  Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

       This Order shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

DATED: May 22, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court