Michael E. Kelly, ISB # 4351
Jon T. Simmons, ISB #5006
Shannon M. Graham, ISB #10092
KELLY, TALBOY & SIMMONS, PA
380 E. Parkcenter Blvd., Ste 200
Post Office Box 856
Boise, Idaho 83701
Telephone (208) 342-4300
Facsimile (208) 342-4344
mek@ktslawoffice.com
jts@ktslawoffice.com
smg@ktslawoffice.com
2800.037\Answer to Amended Complaint.wpd

Attorneys for Defendants Idaho
Department of Labor ("IDOL"),
Kenneth D. Edmunds, Jay Engstrom,
and Michael Kalm

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JAMES CRYER,<br><br>        Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF LABOR, an executive department of the state of Idaho, KENNETH D. EDMUNDS, Director, in his official and individual capacity; JAY ENGSTROM, Chief Operating Officer, in his official and individual capacity; and MICHAEL KALM, in his individual capacity.<br><br>        Defendants. | Case No. 1:16-cv-526<br><br>ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

Come now Defendants Idaho Department of Labor ("IDOL"), Kenneth D. Edmunds, Jay Engstrom, and Michael Kalm, by and through their counsel of record, Kelly, Talboy & Simmons, PA, and in response to the allegations contained in the Amended Complaint and Demand for Jury Trial filed by the Plaintiff, James Cryer, admit, deny and affirmatively allege as follows:

## FIRST DEFENSE

Plaintiff's Amended Complaint, and each claim set forth or attempted to be set forth therein, fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice.

## SECOND DEFENSE

## RESPONSES TO FACTUAL ALLEGATIONS

### I.

Defendants admit or deny the allegations contained in Plaintiff's Complaint as follows. To the extent a particular allegation in Plaintiff's Complaint is neither specifically admitted nor denied, the same is hereby denied.

### II.

Defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 8, 11, 12, 13, 14, 29, 30, 31, 48, 50, 51, 52, 54, 56, 57, 59, 61, 75 and 101 of Plaintiff's Complaint.

### III.

Defendants deny the allegations contained in paragraphs 10, 16, 36, 37, 40, 44, 45, 47, 58, 65, 66, 67, 68, 72, 73, 76, 77, 78, 80, 81, 83, 84, 85, 86, 88, 89, 91, 92, 93, 94, 96, 97, 98 and 100 of Plaintiff's Complaint.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

**IV.**

Regarding paragraphs 17, 20, 21, 23, 24, 28, 32, 33, 34, 35, 55, 71 and 99 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

**V.**

Regarding paragraph 7 of Plaintiff's Complaint, Defendants admit that venue is proper in this Court, but specifically deny the existence of any "illegal conduct."

**VI.**

Regarding the allegations contained paragraph 9 of Plaintiff's Complaint, Defendants' admit only that Plaintiff's personnel file speaks for itself. Any remaining allegations contained therein are denied.

**VII.**

Regarding the first sentence of paragraph 15 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

**VIII.**

Defendants deny the allegations contained in the second sentence of paragraph 15 of Plaintiff's Complaint.

**IX.**

Regarding the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truthfulness of allegations concerning what appeared to Plaintiff based upon his review of a

purchasing quote, what Plaintiff heard from other IDOL employees, and what Plaintiff was or was not concerned about. On that basis, Defendants deny all allegations contained in said paragraph concerning the same. To the extent paragraph 18 of Plaintiff's Complaint contains additional allegations, those allegations are denied.

**X.**

Regarding the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendants admit that Plaintiff raised purported concerns, but specifically deny that Plaintiff brought any new information to the attention of IDOL, but rather merely repeated rumors he had heard second-hand.

**XI.**

Regarding the first and second sentences of paragraph 22 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

**XII.**

Defendants admit the allegations contained in the third and fourth sentences of paragraph 22 of Plaintiff's Complaint.

**XIII.**

Regarding the allegations contained in paragraph 25 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to what was or was not "discovered" by Plaintiff himself, and on that basis, deny all allegations regarding the same. Defendants specifically deny that any previously-unknown information was disclosed by Plaintiff, and deny that anyone within the IT bureau was "directed," "told" or

"reminded" to do or not do anything in response to any disclosure of unknown information by Plaintiff. To the extent they exist, any additional allegations in said paragraph are denied.

### XIV.

Regarding the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendants admit solely that the emails were sent to IDOL employees and state that said emails speak for themselves. Defendants deny the disclosure, by Plaintiff, of previously unknown information or issues.

### XV.

Defendants deny the allegations contained in the first sentence of paragraph 27 of Plaintiff's Complaint.

### XVI.

Regarding the second and third sentences of paragraph 27 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

### XVII.

Regarding paragraph 38 of Plaintiff's Complaint, Defendants deny any violation of personnel rules and affirmatively state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations as to what was or was not suspected by Plaintiff and, on that basis, deny the same.

### XVIII.

Regarding the first sentence of paragraph 39 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

**XVIX.**

Defendants deny the allegations contained in the second sentence of paragraph 39 of Plaintiff's Complaint.

**XX.**

Regarding the first sentence of paragraph 41 of Plaintiff's Complaint, Defendants state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny the same.

**XXI.**

Defendants deny the allegations contained in the second sentence of paragraph 41 of Plaintiff's Complaint.

**XXII.**

Regarding paragraph 42 of Plaintiff's Complaint, Defendants admit only that several emails were sent, but state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations concerning what Plaintiff hoped or intended by sending the emails and, on that basis, deny the same. To the extent they exist, the remaining allegations in said paragraph are denied.

**XXIII.**

Regarding paragraph 43 of Plaintiff's Complaint, Defendants admit only that several emails were sent, but state that they are without sufficient information or direct knowledge to form a belief as to the truth or falsity of the allegations concerning what Plaintiff hoped or intended by sending the emails and, on that basis, deny the same.

**XXIV.**

Regarding the allegations contained in paragraph 46 of Plaintiff's Complaint, Defendants admit that a subpoena was issued and served in an attempt to identify what was reasonably perceived as a serious security threat. Defendants specifically deny the creation of a fake name and number.

**XXV.**

Regarding paragraph 49 of Plaintiff's Complaint, Defendants admit only that information received from Verizon allowed IDOL to identify Plaintiff as the sender of emails and the source of the serious security threat, utilizing information Plaintiff himself had made publicly available within IDOL. To the extent they exist, any remaining allegations contained in this paragraph are denied.

**XXVI.**

Regarding the allegations contained in paragraph 53 of Plaintiff's Complaint, Defendants admit that Plaintiff provided excuses for sending said emails, but deny the remaining allegations contained therein.

**XXVII.**

Regarding the allegations contained in paragraph 60 of Plaintiff's Complaint, Defendants admit only that said employee asserted that he had concerns. To the extent they exist, the remaining allegations contained in said paragraph are denied.

**XXIX.**

Regarding the allegations in paragraph 62 of Plaintiff's Complaint, Defendants restate their responses to the allegations contained in paragraphs 1-61 of Plaintiff's Complaint, as set forth above.

**XXX.**

Regarding paragraphs 63 and 64 of Plaintiff's Complaint, Defendants state that said paragraphs do not contain factual allegations to which an admission or denial is required. Rather, said paragraphs state legal conclusions. To the extent said paragraphs are deemed to contain factual allegations, the same are denied.

**XXXI.**

Regarding the allegations in paragraph 69 of Plaintiff's Complaint, Defendants restate their responses to the allegations contained in paragraphs 1-68 of Plaintiff's Complaint, as set forth above.

**XXII.**

Regarding the allegations contained in paragraph 70 of Plaintiff's Complaint, Defendants admit that emails were sent, but deny that said emails raised an unknown matter of public concern. Defendants affirmatively state that the emails themselves presented or highlighted a threat to security that was reasonably perceived by IDOL as a matter of grave public concern.

**XXXIII.**

Regarding the allegations in paragraph 79 of Plaintiff's Complaint, Defendants restate their responses to the allegations contained in paragraphs 1-78 of Plaintiff's Complaint, as set forth above.

**XXXIV.**

Regarding the allegations contained in paragraph 82 of Plaintiff's Complaint, Defendants deny that any rights were violated under the color of any law.

## XXXV.

Regarding the allegations in paragraph 87 of Plaintiff's Complaint, Defendants restate their responses to the allegations contained in paragraphs 1-86 of Plaintiff's Complaint, as set forth above.

## XXXVI.

Regarding the allegations contained in paragraph 90 of Plaintiff's Complaint, Defendants deny that any rights were violated under the color of any law.

## AFFIRMATIVE DEFENSES

## THIRD DEFENSE

Plaintiff's claims against the state official Defendants acting in their official capacities are precluded by the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 are or may be precluded by the existence of qualified immunity.

## FIFTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 are precluded due to the fact that any constitutional rights or interests claimed to have been violated were and are outweighed by compelling state interests in the continued security of sensitive information entrusted to and maintained by IDOL.

## SIXTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 grounded in the First Amendment to the United States Constitution are precluded due to the fact that Plaintiff's First Amendment interests,

combined with the public interest in general, do not outweigh the legitimate interest of IDOL in the efficient performance of the workplace.

## SEVENTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 grounded in the First Amendment to the United States Constitution are precluded due to the fact that no protected speech was a substantial or motivating factor in IDOL's adverse employment action.

## EIGHTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 grounded in the First Amendment to the United States Constitution are precluded due to the fact that the conduct of Plaintiff materially and substantially interfered with the operation of the business of the IDOL.

## NINTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1983 grounded in the Fourth Amendment to the United States Constitution are precluded due the lack of any reasonable expectation of privacy in the subject information.

## TENTH DEFENSE

Some or all of Plaintiff's claims under 42 U.S.C. § 1983 are or may be precluded by the absence of any constitutionally-protected interest held by Plaintiff.

## ELEVENTH DEFENSE

To the extent they seek equitable relief, Plaintiff's claims are or may be precluded by the doctrine of unclean hands.

## TWELTH DEFENSE

To the extent they seek equitable relief, Plaintiff's claims are or may be precluded by the existence of an adequate remedy at law.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

## THIRTEENTH DEFENSE

Plaintiff's claims for damages are or may be precluded by the absence of any actual injury.

## FOURTHEENTH DEFENSE

Some or all of Plaintiff's claims are precluded by the absence of any definable loss.

## FIFTHEENTH DEFENSE

Plaintiff's alleged damages are or may be speculative.

## SIXTEENTH DEFENSE

Plaintiff's alleged damages are or may be limited due to Plaintiff's failure to mitigate his loss.

## SEVENTEENTH DEFENSE

Plaintiff's claims are or may be precluded by Plaintiff's failure to exhaust his administrative remedies.

## EIGHTEENTH DEFENSE

Plaintiff's claims may be limited and/or precluded by operation of the doctrines of waiver and/or estoppel.

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES TRIABLE BY RIGHT OF A JURY

WHEREFORE, Defendants pray that the Plaintiff take nothing in this action, that the Complaint be dismissed with prejudice as to the Defendants, and that the Defendants be awarded attorney fees and costs of suit, along with such other and further relief as the Court deems just and equitable.

DATED this  2nd  day of June, 2017.

            KELLY, TALBOY & SIMMONS, PA

          By:  /s./Michael E. Kelly
            Michael E. Kelly, Of the Firm
            Attorneys for Defendants Idaho
            Department of Labor ("IDOL"),
            Kenneth D. Edmunds, Jay Engstrom,
            and Michael Kalm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erika Birch
T. Guy Hallam
Strindberg & Scholnick, LLC
802 W. Bannock Street, Suite 308
Boise, ID 83702
T: (208) 336-1788
F: (208) 287-3708
erika@idahojobjustice.com
guy@idahojobjustice.com
*Attorneys for Plaintiff*

             /s./Michael E. Kelly
            Michael E. Kelly