UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JAMES CRYER, | Case No. 1:16-cv-00526-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| IDAHO DEPARTMENT OF LABOR, et al., | |
| Defendants. | |

# INTRODUCTION

Pending before the Court is Plaintiff's Motion to Compel Production (Dkt. 28). For the reasons stated below, the Court will deny the motion.

# BACKGROUND

Plaintiff James Cryer filed this action after being terminated as an Idaho Department of Labor ("IDOL") employee for sending anonymous emails outlining alleged violations of state law by individuals at the IDOL. *Compl.* at 2, Dkt. 1. Mr. Cryer claims that his termination constituted retaliation for engaging in constitutionally protected speech as a private citizen, and in whistleblower activities protected under Idaho Code § 6-2104(1)-(3). *Id.* at 12-14. He further claims that IDOL violated his Fourth Amendment rights in the course of investigating the emails, by subpoenaing his cell phone records without probable cause. *Id.* at 14-15.

Mr. Cryer has admitted to sending a series of anonymous emails to IDOL employees between December 24, 2015 and April 26, 2016. *Pl.'s Br.* at 2, Dkt 28-1. After receiving the April 26, 2016 email and perceiving it to contain a threat, Defendants launched an investigation to determine the source of the emails. *Def.'s Br.* at 2, Dkt. 32. Based on cell phone records obtained from Verizon, the Defendants determined that Mr. Cryer was the likely sender. *Pl.'s Br.* at 2, Dkt. 28-1. Defendants placed Mr. Cryer on administrative leave, and asked the Idaho Attorney General to perform an investigation to determine whether Mr. Cryer's actions merited disciplinary action. *Id*. Deputy Attorney General ("DAG") Colleen Zahn was assigned to conduct the investigation. *Def.'s Br.* at 2, Dkt. 32. Ms. Zahn met with Mr. Cryer and interviewed him regarding the emails. *Id.* During her investigation, Ms. Zahn produced the memorandum which is the subject of Mr. Cryer's motion. *Id*. Defendants subsequently terminated Mr. Cryer. *Pl.'s Br.* at 3, Dkt. 28-1.

Mr. Cryer appealed his termination in an administrative proceeding in front of the Idaho Personnel Commission. *Id.* During that proceeding, Defendants provided Mr. Cryer with a redacted version of a five-page document entitled "Investigation of James Cryer and Anonymous Threatening Emails" ("Investigation Memo"). *Id; Pl's Br.* Ex 1, Dkt. 28-2. The Investigation Memo is addressed to Defendant Jay Engstrom in his capacity as Chief Operating Officer at IDOL. *Pl's Br.* Ex 1, Dkt. 28-2. It appears to contain at least three sections. *Id.* The first section or sections are entirely redacted. *Id.* at 2. The next section, entitled "Background Facts," is redacted but for the final paragraph. *Id.* at 3. The

unredacted paragraph details how IDOL identified the IP address from which the emails were sent, contacted Verizon, and determined that the cell phone number associated with the emails belonged to Mr. Cryer. *Id.* A footnote to this unredacted portion has also been redacted. *Id.* The next section is titled "Cryer Interview" and recounts Ms. Zahn's conversation with Mr. Cryer regarding the emails. *Id.* at 3-5. Following this section is another redacted portion of the memo. *Id.* at 5.

     Mr. Cryer filed this motion asking the Court to compel Defendants to produce an unredacted version of the Investigation Memo. Mr. Cryer argues that by producing the memo in redacted form, as well as additional documents related to Ms. Zahn's investigation of the facts underlying his termination, Defendants have conceded that documents related to Ms. Zahn's investigation are neither protected by attorney-client privilege nor constitute attorney work product. *Id.* at 4. In the alternative, Mr. Cryer argues that by producing such documents, even in redacted form, Defendants have waived any such privilege. *Id.* at 4. Defendants argue that the redacted portions of the Investigation Memo are protected by the attorney-client privilege because they contain "a summary of Defendant Engstrom's communications to DAG Zahn seeking legal advice" regarding the disciplinary investigation, as well as communications from DAG Zahn providing such advice. *Def.'s Br.* at 3. Although Defendants also listed the work-product doctrine as a basis for withholding the redacted portions of the memo in their privilege log, *see, e.g.*, *Pl.s' Br.* Ex. 3 at 2, Dkt. 28-1, in their brief they argue only that the redactions are justified under the attorney-client privilege.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

Generally, the party seeking to withhold documents from discovery on the basis of attorney-client privilege has the burden of proving that the privilege applies to the documents in question. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1099 (9th Cir. 2007). The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice as well as an attorney's advice in response to such-disclosures. *See United States v. Chen,* 99 F.3d 1495 (9th Cir.1996). The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981).

That a person is a lawyer does not make all communication with that person privileged. *Chen*, 99 F.3d at 1501. "The privilege applies only when legal advice is sought from a professional lawyer in his capacity as such." *Id.* If a person retains a lawyer for advice, a rebuttable presumption arises that the lawyer is retained for legal advice, unless the matter at issue "clearly appears to be lacking in aspects requiring a legal advice." *Id.* (quoting 8 John H. Wigmore, *Evidence* § 2296, at 566-67 (McNaughton rev. ed. 1961)). Conclusory statements categorizing the matter at issue as non-legal are insufficient to rebut that presumption. *Id*. ("Calling the lawyer's advice 'legal' or 'business' advice does not help in reaching a conclusion; it is the conclusion."). Rather, "the presumption is rebutted when the facts show that the lawyer was 'employed without reference to his knowledge and discretion in the law.'" *Id.*

## ANALYSIS

At issue is whether the Defendants have carried their burden of showing that the redacted portions of the Investigation Memo contain communications subject to the attorney-client privilege.[1] The Court finds that they have. Defendants assert that the redacted portions of the Investigation Memo contain communications between Defendant Engstrom and DAG Zahn seeking and relaying legal advice related to potential disciplinary actions against the Plaintiff. Unless DAG Zahn was engaged in the investigation in a non-legal capacity, such communications would presumptively fall within the protection of attorney-client privilege. *See Chen*, 99 F.3d at 1501. Plaintiff has not shown that the disciplinary investigation did not require DAG Zahn to provide legal advice. Nor has he shown that she was retained without reference to her knowledge and discretion in the law. Thus, the presumption holds. *Id.*

Plaintiff further argues that the redacted portions of the Investigation Memo are not protected by the attorney-client privilege because the memo was produced as part of a factual investigation. Attorney-client privilege does not protect disclosure of facts underlying a matter by those who communicated with the attorney. *Upjohn*, 449 U.S at 395. But there is no evidence to support Plaintiff's contention that the Investigation

---

[1] In arguing that the document itself is either not subject to the privilege, or that the privilege has been waived by the production of the document in redacted form, the Plaintiff appears to have conflated the standards of the work-product doctrine with those under the attorney-client privilege doctrine. The work-product doctrine "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir, 2011).

Memo does not contain both facts and legal advice. Indeed, it seems entirely reasonable that Ms. Zahn would include in her memo a summary of conversations with Defendant Engstrom about the legal issues surrounding any potential disciplinary actions, and the legal advice sought in relation thereto. Nor would it be unreasonable for Ms. Zahn to provide legal advice, preliminary or otherwise, alongside or at the conclusion of any summary of the underlying facts. Indeed, Defendants assert that the redacted portions of the memo are protected under the attorney-client privilege precisely because they contain such communications. Plaintiff have provided no evidence to suggest otherwise, and instead rely on conclusory allegations that the Investigative Memo was not made for the purpose of providing advice. Such statements are insufficient to show that the redacted portions of memo were "non-legal" in nature. *Chen*, 99 F.3d at 1501. For these reasons, the Court will deny Plaintiff's Motion.[2]

Plaintiff's motion also claims that Defendants failed to comply with their duty under Rule 26 to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing

---

[2] Further, there is no evidence that Defendants have waived the attorney-client privilege. Plaintiff does not argue that Defendants have disclosed these communications to third parties. *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (finding that voluntary disclosure to third parties generally destroys the attorney-client privilege). Instead, he argues that by producing portions of the document, Defendants have waived any privilege as to the redacted portions. As discussed above, however, the attorney-client privilege does not protect documents, it protects communications. If the memo contains both privileged and nonprivileged information, it is entirely appropriate for Defendants to produce the document but redact those parts which are properly privileged.
(Continued)

information itself privileged or protected, will enable other parties to assess the claim."
Fed. R. Civ. P. 26(b)(5)(A)(ii).[3] Plaintiff argues that Defendants listed the memo on their privilege log, but failed to describe the nature of the redacted information in a manner that would enable Plaintiff to assess the claim. *See Pl.'s Br.* at 5, Dkt 28-1. The privilege log lists the basis for the redaction as "attorney client and work product," and describes the memo as "investigation into James Cryer and Emails." *Pl.s' Br.* Ex. 3 at 2, Dkt. 28-1.[4] The Court finds this is insufficient to meet Defendants' burden under Rule 26.

In their brief, Defendants argue that by asserting the redacted portions of the document were privileged, they indicated that those sections contained confidential communications "by definition." *Def.'s Br.* at 3, Dkt. 32. This argument fails for two reasons. First, Rule 26(b)(5)(A) makes two requirements of a party asserting privilege – first that it "expressly make the claim" and second that it describe the nature of the documents in such a way that other parties may assess that claim. Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). Defendants' claim, that they satisfied their burden "by definition" simply by asserting the privilege, ignores the second prong of Rule 26(b)(5). Second, Defendants initially claimed that the redacted portions of the Investigation Memo were also protected under the work-product doctrine. *See Pl.s' Br.* Ex. 3 at 2, Dkt. 28-1. Because the work-product doctrine protects information other than communications

---

[3] Plaintiffs do not cite Rule 26 in their briefing. The Court finds, however, that the omissions complained of fall squarely under Rule 26(b)(5)(A).

[4] During informal mediation with the Court, Defendants again asserted that the document was protected by privilege, and declined to provide additional information.

between an attorney and his client, it would not have been clear to Plaintiff that redacted portions of the document were confidential communications "by definition."

For these reasons, the Court finds that Defendants failed to meet their burden under Rule 26(b)(5)(A). Defendants' refusal to provide this information was a substantial basis for Plaintiff's Motion. *See Pl.'s Br.* 5-6. Because Defendants were ultimately successful in defending their assertion of privilege, however, and because the arguments advanced in Plaintiff's briefing suggest they would have challenged the assertion of privilege regardless, the Court declines to order any sanction at this time.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel (Dkt. 28) is **DENIED.**

DATED: January 29, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge