UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES CRYER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IDAHO DEPARTMENT OF LABOR, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00526-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant's Motion for Protective Order (Dkt. 26). The Motion is fully briefed and the Court finds the matter appropriate for decision without oral argument. For the reasons stated below, the Court will grant the motion.

## BACKGROUND

Plaintiff James Cryer filed this action after being terminated as an Idaho Department of Labor ("IDOL") employee for sending anonymous emails outlining alleged violations of state law by individuals as the IDOL. *Compl.* at 2, Dkt. 1. Mr. Cryer claims that his termination constituted retaliation for engaging in constitutionally protected speech as a private citizen, and in whistleblower activities protected under Idaho Code § 6-2104(1)-(3). *Id.* at 12-14. He further claims that IDOL violated his Fourth

Amendment rights in the course of investigating the emails by subpoenaing his cell phone records without probable cause. *Id.* at 14-15.

Mr. Cryer took the depositions of Defendants Engstrom, Kalm, and Edmonds in October 2017. *Def.'s Aff*. Dkt. 26-2. Mr. Cryer subsequently noticed and requested the depositions of eight additional individuals, including Deputy Attorney General Edith Pacillo. *Def.'s Br*. Dkt. 26-1. Defendants objected to the deposition of Ms. Pacillo, who serves as in-house counsel to IDOL in matters related to this case. *Id.* Defendants filed this motion after attempts by the parties to resolve this issue proved unsuccessful. Defendants seek an order prohibiting Plaintiff from deposing Ms. Pacillo, on the grounds that he has failed to establish that the deposition of opposing counsel is proper. *Id*.

## LEGAL STANDARD

Discovery of facts possessed by an attorney is proper where the facts are relevant, non-privileged, and essential to preparation of one's case. *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Citing *Hickman,* the Eighth Circuit Court of Appeals held that where a party seeks to depose opposing counsel, it must prove that the information sought (1) cannot be obtained by other means; (2) is relevant and is not protected by privilege or the work-product doctrine; and (3) is crucial to preparation of its case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327–28 (8th Cir.1986).

The Ninth Circuit has not addressed the specific issue of attorney depositions. District courts in the Ninth Circuit, however, have agreed that "attorney depositions should be allowed only where the discovery sought cannot be obtained from another source," and noted that *Shelton* is "regarded as the leading case on attorney depositions."

*See e.g., Massachusetts Mut. Life Ins. Co. v. Cerf,* 177 F.R.D. 472, 479 (N.D.Cal.1998). *Id.* As such, courts in this District have relied on the *Shelton* factors when parties seek to depose either trial counsel or in-house counsel. *See Melaleuca, Inc. v. Bartholomew,* No. 4:12–cv–00216–BLW, 2012 WL 3544738 (D.Idaho August 16, 2012) (applying *Shelton* where a party sought to depose opposing trial counsel.); *Asarco LLC v. Union Pacific Railroad Company*, *Asarco LLC v. Union Pac. R.R. Co.*, No. 2:12-cv-00283-EJL-REB, 2016 WL 1755241, at *5 (D.Idaho May 2, 2016) (applying the *Shelton* where a party sought depose the opposing party's in-house counsel).

## ANALYSIS

Mr. Cryer does not contest that Ms. Pacillo serves as in-house counsel for IDOL. *See Pl.'s Br.* at 1-2, Dkt. 38. Nor does he contest that depositions of opposing counsel are generally allowed only under limited circumstances. *Id.* Thus, at issue here is whether Mr. Cryer has established that the factors identified in *Shelton* and adopted in this District have been met, such that this case falls within those limited circumstances. He has not done so, and the Court will therefore grant Defendants' motion.

In order to prove that the proposed deposition is warranted, Mr. Cryer must establish that Ms. Pacillo is in possession of relevant, non-privileged facts or information, which are crucial to the preparation of his case, and which he cannot obtain through other means. *See Shelton,* 805 F.2d at 1327–28. Mr. Cryer does not articulate what facts or information he seeks to obtain by deposing Ms. Pacillo. Nor does he point to any documents for which Ms. Pacillo would be the sole repository. He indicates only that he

seeks to inquire about information related to "communication and advice from counsel" related to the investigation and his termination. *Pl.'s Br.* at 4, Dkt. 38.

Mr. Cryer has not identified any such information that would be known only to Ms. Pacillo, and not to the Defendants with whom she communicated or provided advice. Further, he makes no argument for the relevance of the information he seeks, nor does he explain how it is crucial to the preparation of his case. Indeed, Mr. Cryer does not address the test laid out in *Shelton*, at any point in his brief. Because Mr. Cryer has failed to establish that this case presents those limited circumstances where the deposition of opposing counsel is appropriate, the Court will grant Defendants' motion. *See Shelton*, 805 F.2d at 1327 (finding that the limited circumstances under which a deposition of opposing counsel is appropriate do not exist where "the information sought can be, and in some instances has been, obtained by means other than deposing in-house counsel. . . .").

Mr. Cryer argues that Ms. Pacillo must sit for a deposition because Defendants either have asserted or intend to assert an advice-of-counsel defense. When a defendant asserts an advice-of-counsel defense, he waives attorney-client privilege "with respect to all documents and communications touching upon [the conduct] for which [he] sought counsel's advice." *In re Fresh and Process Potatoes Antitrust Litigation*, No. 4:10-MD-2186-BLW-CWD, 2014 WL 1413676 at *6 (D. Idaho April 11, 2014) *aff'd,* No. 4:10-MD-2186-BLW, 2014 WL 1847433 (D. Idaho May 8, 2014). But, asserting an advice-of-counsel defense does not automatically subject counsel for the defendant to deposition. *Cf. Ngyuen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (allowing plaintiffs to depose opposing counsel regarding communications for which attorney-client privilege

had been waived after determining that plaintiffs had established the *Shelton* factors). While asserting the defense could render information sought during such a deposition non-privileged, the question of privilege is only one factor courts must consider in determining whether the deposition of opposing counsel is appropriate. *See Shelton*, 805 F.2d at 1327–28. A plaintiff must also demonstrate that the information he seeks is relevant and crucial to the preparation of the litigation, and that deposing opposing counsel is the only means by which he can obtain it. *See id*. As explained above, Mr. Cryer has failed to do so here.

The protective order sought by Defendants does not operate to withhold documents or communications, whether on the basis or privilege or otherwise. Instead, Defendants seek only to prevent the plaintiff from taking an unwarranted deposition of their in-house counsel. Because Plaintiff has failed to establish that the information sought is relevant, crucial, and unobtainable through other means, the Court will grant Defendants' motion. In doing so, the Court is aware that asserting the advice of counsel defense typically requires waiving any privilege attached to communications which are at the heart of that defense. However, that is not the issue before the Court. Indeed, if it develops through further discovery, that Cryer can satisfy the *Shelton* standard and that it is Pacillo's advice that defendants rely on in asserting the advice of counsel defense, the Court would likely reconsider its decision here.

# ORDER

**IT IS ORDERED:**

1. Defendants' Motion For Protective Order (Dkt. 26) is **GRANTED.**

DATED: March 26, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge