UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES CRYER,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF LABOR, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00526-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Pending before the Court is Plaintiff's Motion to File Second Amended Complaint (Dkt. 67). For the reasons discussed below, the Court will deny the Motion.

# BACKGROUND

Plaintiff timely filed a complaint in this Court on December 7, 2016. Plaintiff alleged, *inter alia*, that Defendants violated his Fourth Amendment rights by subpoenaing Verizon for information related to his IP address and cell phone number. The parties filed cross-motions for summary judgment, and the Court heard oral argument on May 25, 2018. At the hearing, the Court granted Defendants' motion as to Plaintiff's claim under the Fourth Amendment.[1] The Court granted Plaintiff leave, however, to file a motion to

---

[1] The Court found that Plaintiff did not have a reasonable expectation of privacy in the subpoenaed information under the federal constitution. Last month, the U.S. Supreme Court held that individuals have a legitimate expectation of privacy, for Fourth Amendment purposes, in the record of (Continued)

add a claim based on the same facts under Article I, Section 17 of the Idaho Constitution. On June 5, 2018, Plaintiff timely filed his motion to amend. The parties completed briefing on the motion on June 15, 2018, and the Court finds the matter appropriate for resolution without a hearing.

## LEGAL STANDARD

Motions to amend a pleading filed after the scheduling order deadline has expired are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).[2] The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id.* at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon,* No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no

---

their physical movements as captured through cell-site location information (CSLI). *Carpenter v. United States*, No. 16-402, 2018 WL 3073916 (U.S. June 22, 2018). However, the Supreme Court explicitly limited the scope of its decision. *Id.* at *13 ("Our decision today is a narrow one. We do not express a view on matters not before us.") Plaintiff's Fourth Amendment claim does not involve location information, only record information. Further, *Carpenter* "[did] not disturb the application of Smith," *id.*, upon which this Court relied in granting summary judgment to Defendants on Plaintiff's Fourth Amendment claim. Thus, the Court declines to reconsider its decision *sua sponte* in light of *Carpenter*.

[2] Neither Plaintiff nor Defendants address the Rule 16(b) standard in their briefs on Plaintiff's motion to amend. Instead, Plaintiff argues that the Court should grant him leave to amend under Rule 15(a). *Pl's Br.* at 2-7, Dkt. 67-1; *Pl's Reply* at 1-9, Dkt. 69. Because the scheduling deadline has passed, however, the Rule 16(b) standard applies here. *Johnson*, 975 F.2d at 608.

reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992)).

When determining whether to grant a motion to amend outside the deadline imposed in the scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification" *Id.* But, while a court is allowed to consider any prejudice that may occur, the court should focus its inquiry "upon the moving party's reasons for seeking modification." *Id.* If the party moving to amend "was not diligent, the inquiry should end." *Id.*

## ANALYSIS

Plaintiff argues that he was unable to bring a claim under the Idaho Constitution in his original complaint because the Idaho Supreme Court only recently recognized a private right of action for litigants suing the state for constitutional violations, citing *Tucker v. State*, 394 P.3d 54 (Idaho 2017). *Tucker* was published on April 28, 2017. The deadline to amend pleadings in this action was May 26, 2017. *Joint Litigation Plan* at 2, Dkt. 12. The record shows, however, that Plaintiff waited nearly a year after the deadline to amend passed, and over a year after *Tucker* was issued, to bring his motion to add a claim under the state constitution. Even assuming *arguendo* that the right of action announced in *Tucker* provides grounds for Plaintiff to assert his claim, Plaintiff has not shown that he acted diligently in bringing this motion. Further, allowing Plaintiff to amend his complaint at this late date would prejudice the Defendant. Plaintiff has therefore failed to establish good cause, and the Court shall deny his motion.

Plaintiff explains that he did not raise a state constitutional claim in his original complaint, filed before *Tucker* was published, due to "the consistent reluctance [of this Court]—in the absence of a state appellate court decision on the subject—to recognize a private right of action to vindicate state constitutional claims." *Pl's Br.* at 3-4, Dkt. 67-1. He argues, however, that *Tucker* created private right of action under the Idaho Constitution, and therefore his state constitutional claim is now valid. While this could explain why Plaintiff did not include the claim in his Complaint, it does not explain why he waited over a year after *Tucker* was issued, and nearly a year after the amendment deadline passed, to bring this motion to amend.

Plaintiffs should not be punished for failing to plead a claim that is foreclosed by law at the time their complaint is filed. Indeed, such decisions are in line with the prescription in Rule 1 that litigation be conducted in such a manner as to secure the just, speedy, and inexpensive determination of the action. Fed. R. Civ. P. 1. Rule 16(b) clearly contemplates that changes in law or newly discovered evidence may justify later amendments to a complaint. That justification erodes, however, when a Plaintiff delays amending his complaint beyond the time he could have discovered the grounds for amendment through the exercise of reasonable diligence.

The typical reason for granting leave to amend is that a party learns of information leading to the amendment that it could not have learned before the amendment deadline. For example, this Court has granted leave to amend under Rule 16(b) when "amendments could not have been filed earlier because they reflect information that plaintiff obtained from depositions that it conducted 'up until the discovery cutoff date.'" *Gambrel v. Twin*

*Falls Cty.*, No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014) (noting that this is a "textbook example" of good cause). Similarly, it has found good cause existed when defendants did not produce evidence in their initial disclosures, which served as the basis for amending plaintiff's complaint, despite plaintiff's effort to obtain it beforehand. *Hollist v. Madison Cty.*, No. 4:13-CV-00139-BLW, 2013 WL 5935209, at *1 (D. Idaho Nov. 1, 2013). This Court has also granted leave to amend where a *pro se* plaintiff misunderstood the scheduling order but diligently sought to leave to amend after discovering he had made certain mistakes in his original complaint. *Mortensen v. HSBC Bank USA*, No. CV 10-234-S-EJL, 2011 WL 13133843, at *2 (D. Idaho Aug. 1, 2011). Here, however, Plaintiff is not *pro se*, and there is no evidence that he misunderstood the deadline, or that Defendants withheld evidence or otherwise acted to prevent Plaintiff acting to amend his complaint. Nor does Plaintiff allege that he could not have learned of the grounds for adding a state law claim before the deadline.

Instead, Plaintiff simply argues that his counsel did not learn about *Tucker* and its significance for Plaintiff's privacy claims until briefing on summary judgment, and thus any delay should be excused.[3] The length of time between the deadline to amend, the discovery of key information, and the date that a party files a motion to amend is relevant

---

[3] Plaintiff's counsel justifies this on the grounds that they are labor and employment attorneys, and *Tucker* is not an employment-related case. *Pl's Reply* at 6-7, Dkt. 69. Plaintiff's counsel had a continuing duty to make themselves aware of developments in the law relevant to Plaintiff's claims. Their inexperience in the area of privacy rights does not excuse any delay in bringing this motion. Indeed, at oral argument Plaintiff's counsel indicated that she was diligently following *Carpenter*, a federal privacy case, because she knew it might impact her client's Fourth Amendment claims. *See Carpenter v. United States*, No. 16-402, 2018 WL 3073916 (U.S. June 22, 2018).

to establishing good cause. *See, e.g.*, *Hollist*, No. 4:13-CV-00139-BLW, 2013 WL 5935209, at *1 (finding good cause existed where plaintiff obtained relevant evidence a few days after the deadline to amend and filed a motion to amend less than a week after the deadline). Plaintiff does not argue, however, that his counsel could not reasonably be expected to learn about *Tucker* until briefing on summary judgment. Nor does it appear that Plaintiff sought leave to amend immediately upon discovering the change in law. Instead, the impetus for Plaintiff's motion appears to have been the Court's decision to grant summary judgment to the Defendants on Plaintiff's similar claim under the Fourth Amendment. As such, no showing of diligence has been made.[4]

The Court further finds that the prejudice to the Defendants caused by the year-long delay weighs against a finding of good cause for Plaintiff's motion. "Although diligence is the focus of the Rule 16, the 'existence or degree of prejudice to the party opposing the motion' is also relevant." *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *3 (D. Idaho Feb. 23, 2015) (citing *Johnson,* 975 F.2d at 609). Prejudice may be found where the proposed amendment requires additional discovery or necessitates an additional round of briefing. *See Gomley v. Crossmark, Inc.*, No. 1:13-CV-00420-BLW, 2015 WL 1825481, at *5 (D. Idaho Apr. 22, 2015); *See also Schwartz v. Adams Cty.*, No.

---

[4] Nor is there any evidence that Plaintiff's attorneys' conduct rises to the level required for a finding of good cause. Indeed, Plaintiff's attorneys have actively and diligently participated in the case by engaging in extensive discovery and filing and responding to dispositive motions. *See Peck v. Cincinnati Insurance Company*, No. 1:14-CV-00500-BLW, 2015 WL 13469930, at *3 (D. Idaho Dec. 3, 2015) (finding good cause only where an attorney's conduct constituted "gross negligence or abandonment").

**MEMORANDUM DECISION AND ORDER - 6**

CV 09-019-SEJLCWD, 2010 WL 2011582, at *3 (D. Idaho May 20, 2010) (internal quotation marks omitted) ("If an amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial."). Here, discovery in this matter is closed, and the Court has already granted summary judgment to Defendants on Plaintiff's original claim on these facts under the Fourth Amendment. The proposed amendment raises a new claim under a new theory, such that it would at least require another round of briefing, and could even require the Court to re-open discovery.[5] The Court therefore finds that Plaintiff's delay in seeking leave to amend prejudiced Defendants.

This is a close case, given the uncertainty about whether additional discovery would be needed, the relatively short period of time between the issuance of *Tucker* and the deadline to amend, and the lack of any evidence that Plaintiff was delaying for strategic gain. The Court finds, however, that Plaintiff's failure to make any showing of diligence, together with the prejudice to Defendants, preclude a finding of good cause. "Even though such a result may seem harsh, the need for orderly and timely progression of the lawsuit is necessary and important." *Stephens v. Idaho Dep't of Parks & Recreation*, No. 1:10-CV-00267-REB, 2011 WL 6150641, at *3 (D. Idaho Dec. 12, 2011). Therefore, the Court will deny Plaintiff's motion to amend.

---

[5] The parties dispute whether the proposed amendment would require additional discovery. *See Pl's Br.* at 6, Dkt 67-1; *Def.'s Resp.* at 8, Dkt. 68.

**MEMORANDUM DECISION AND ORDER - 7**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to File Second Amended Complaint (Dkt. 67) is **DENIED**.

DATED: July 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge